**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Alicia MAGALLON–GUERRERO,
Defendant–Appellant.**

**No. 99–50801.
D.C. No. CR–99–00755–RSWL.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 14, 2001.*

Decided May 29, 2001.

Before PREGERSON, FERNANDEZ
and WARDLAW, Circuit Judges.

### MEMORANDUM **

Alicia Magallon–Guerrero appeals the 77–month sentence imposed by the district

courts of this circuit except as may be provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

court following her guilty plea to being an illegal alien found in the United States following deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Magallon–Guerrero contends that the district court erred by enhancing her sentence above the applicable statutory maximum penalty, in violation of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), on the basis that her prior conviction of an aggravated felony was neither charged in the indictment nor admitted by her when she pled guilty.

Because Magallon–Guerrero's contention is foreclosed by our decision in *United States v. Pacheco–Zepeda,* 234 F.3d 411 (9th Cir.2000) (concluding that *Apprendi* preserves the rule in *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), that all prior convictions, not just those admitted on the record, are sentencing factors and not elements of the offense), *amended* (Feb. 8, 2001), *cert. denied,* — U.S. ——, 121 S.Ct. 1503, 149 L.Ed.2d 388 (2001), the district court properly considered Magallon–Guerrero's prior aggravated felony conviction in sentencing her. *Pacheco,* 2000 WL 33156290, at \*5.

AFFIRMED.

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.